UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TAHANI ADONIS,

        PLAINTIFF,

    -AGAINST-

COURT OFFICER MELISSA COLEMAN,
COURT OFFICER MADGE SHIELD # 6290
AND COURT OFFICER SHIELD # 3212,

        DEFENDANTS.
----------------------------------------------------------------x

08-CV-1726

**COMPLAINT**

Plaintiff, Tahani Adonis, by her attorney, Robin C. Smith Esq. to this verified complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks damages to redress the deprivation, under color of state law, of rights secured to her under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. On October 14, 2005, Court Officer Melissa Coleman, Court Officer Madge Shield # 6290 and Court Officer Shield # 3212, name unknown, arrested Plaintiff without probable cause and held Plaintiff for an excessive period of time.

## JURISDICTION

3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1343 (3) and (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983, which provides jurisdiction over all cases brought pursuant to the Constitution of the United States.

## PARTIES

4. During all times relevant to this action, Plaintiff was and is a resident of the County of Kings, City and State of New York, residing at 745 St. Johns Place, Brooklyn, New York 11216.

5. During all times relevant to this action, Defendant Court Officers were duly appointed and acting officers of the State of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York.

## FACTS

6. On October 14, 2005, at 141 Livingston Street, Brooklyn, New York, Plaintiff was acting peacefully and had committed no crime when Court Officer Melissa Coleman, Court Officer Madge, Shield #6290, and Court Officer Shield # 3212 unlawfully arrested Plaintiff and seized her umbrella and raincoat.

7. Defendant Court Officers gave Plaintiff a summons.

8. Although it was a day with heavy rain, Defendant Court Officers demanded that Plaintiff leave the premises without her raincoat and umbrella.

9. Defendant Court Officers told her that if she did not leave the premises without her umbrella and raincoat, she would be arrested.

10. Plaintiff refused to leave without her umbrella and raincoat and was in all respects acting peaceably.

11. Nevertheless, Plaintiff was again arrested again for disorderly conduct. This time, Defendant Court Officers arrested and imprisoned Plaintiff.

12. There was never any allegation that Plaintiff had used the umbrella and coat unlawfully or that they were evidence of any crime.

13. Plaintiff was held against her will for approximately 13 hours, fingerprinted and photographed before she was released on her own recognizance following her arraignment in Criminal Court on charges of disorderly conduct.

14. At the 84th Precinct, Plaintiff's fingerprints and photographs were taken.

15. Plaintiff fought the criminal case, which was dismissed on November 28, 2005. Plaintiff received an adjournment in contemplation of dismissal in the summons case on February 7, 2006.

16. As a result of the violation of her Constitutional Rights, Plaintiff suffers from economic and emotional injuries.

### FIRST CAUSE OF ACTION FOR FALSE ARREST, UNLAWFUL IMPRISONMENT AND MALICIOUS PROSECUTION PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

17. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 16.

18. Defendant Court Officers had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person and property.

19. Defendant Court Officers intentionally confined plaintiff for a period of approximately 13 hours without Plaintiff's consent, while Plaintiff was conscious of the confinement, without privilege, right or just cause.

20. Defendant Court Officers with malice, caused Plaintiff to be prosecuted in Brooklyn Criminal Court, Brooklyn, New York, for the period of October 14, 2005, to November 28, 2005.

21. Defendant Court Officers in arresting and detaining Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and authority as employees of the New York State Office of Court Administration and under the color of state and/or local law.

22. Defendant Court Officers in prosecuting Plaintiff maliciously, abused their power and authority as employees of the New York State Office of Court Administration and under the color of state and/or local law.

23. By reason of their acts and omissions, Defendant Court Officers, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

24. As a result of the Defendants' conduct, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for her physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

25. As a result of Defendants' conduct, Plaintiff has lost wages and has been forced to incur past, present and future medical expenses.

26. In addition, the acts of the Defendants were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures

of relief to which Plaintiff may properly be entitled herein, Defendants should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

27. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for lost wages, pain and suffering for the emotional harm inflicted to Plaintiff in the sum of Two Hundred Thousand ($200,000.00) Dollars and the additional and further sum of Two Hundred Thousand ($200,000.00) Dollars for punitive damages making a total of Four Hundred Thousand ($400,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

## SECOND CAUSE OF ACTION FOR FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION IN VIOLATION OF NEW YORK STATE LAW AND THE NEW YORK STATE CONSTITUTION AGAINST DEFENDANT COURT OFFICERS

28. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 28.

29. By reason of their acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of Article I § 12 of the New York State Constitution.

30. The conduct of Defendants in this cause of action, heretofore, alleged in this Complaint, was so egregious as to be regarded as atrocious and intolerable in a civilized society.

31. As a result of Defendants' conduct, Plaintiff suffered emotional injury causing Plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

32. As a result of Defendants' conduct, Plaintiff has lost wages and has been forced to incur past, present and future medical expenses.

33. As a result of Defendants' conduct, Plaintiff has been adversely affected in her employment and in her ordinary life's pursuits.

34. As a result of Defendants' conduct, Plaintiff was deprived of her privacy and liberty, and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for her physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

35. In addition, the acts of the Defendants were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

36. Plaintiff, therefore, seeks compensatory damages in this cause of action for lost wages, past and future medical expenses, pain and suffering for the physical and

emotional harm inflicted to her in the sum of Two Hundred Thousand ($200,000.00) Dollars and the additional and further sum of Two Hundred Thousand ($200,000.00) Dollars for punitive damages making a total of Four Hundred Thousand ($400,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

WHEREFORE, judgment is demanded:

On Plaintiff's First Cause Of Action against Defendants for damages in the amount of Two Hundred Thousand ($200,000.00) Dollars and the additional and further sum of Two Hundred Thousand ($200,000.00) Dollars for punitive damages making a total of Four Hundred Thousand ($400,000.00) Dollars;

On Plaintiff's Second Cause Of Action against Defendants for damages in the amount of Two Hundred Thousand ($200,000.00) Dollars and the additional and further sum of Two Hundred Thousand ($200,000.00) Dollars for punitive damages making a total of Four Hundred Thousand ($400,000.00) Dollars;

Together with reasonable counsel fees, the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       November 24, 2007

Robin C. Smith
Attorney for Plaintiff
44 Court Street, Suite 917
Brooklyn, New York 11201
(718) 403-9599

STATE OF NEW YORK
COUNTY OF KINGS

    Tahani Adonis being duly sworn does depose and say: She is the Plaintiff in the captioned action; has read the foregoing Complaint and knows its contents and, as to allegations supporting her claim the same is true to her knowledge except as to matters alleged on information and belief and as to those allegations she believes them to be true. The sources of information and bases for her belief include information in possession or under the custody and control of Defendants.

_____
Tahani Adonis